IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION


**DEBBIE JO WARREN**,                                                        Case No. 2:10-CV-03102-SU

        Plaintiff,                                                        **OPINION AND ORDER**

    v.

**CAROLYN W. COLVIN**,
Commissioner of Social Security,

        Defendant.

_____

SULLIVAN, Magistrate Judge:

      Debbie Jo Warren ("plaintiff"), through counsel Arthur Stevens ("Stevens"), moves for

attorney fees in the amount of $9,355.33 pursuant to 42 U.S.C. § 406(b). Specifically, Stevens seeks

25% of plaintiff's retroactive benefits, less Equal Access to Justice Act ("EAJA") and administrative

fees that were previously paid. The Commissioner of Social Security ("Commissioner") does not

dispute the propriety of 42 U.S.C. § 406(b) fees, but argues that Stevens incorrectly calculated the

Page 1 - OPINION AND ORDER

amount of past-due benefits.  All parties have consented to a Magistrate Judge in accordance with

Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c).  For the reasons set forth below, plaintiff's motion is

granted, in part, and denied, in part, in that attorney fees are awarded in the reduced sum of

$8,839.53.

## BACKGROUND

On March 4, 2007, plaintiff protectively applied for DIB, alleging disability as of June 30,

2002, due to chronic pain, anxiety, depression, a bipolar disorder, and degenerative disc disease of

the lumbar, thoracic, and cervical spine.  Tr. 16, 35-38, 85-94.  After the application was denied

initially and upon reconsideration, plaintiff timely requested a hearing before an administrative law

judge ("ALJ").  Tr. 57-69.  On August 4, 2009, an ALJ hearing was held before the Honorable John

Madden, Jr.  Tr. 26-54.  On August 19, 2009, the ALJ issued a decision finding plaintiff not disabled

within the meaning of the Act.  Tr. 9-20.  After the Appeals Council declined review, Stevens, on

behalf of plaintiff, filed a complaint in this Court.  Tr. 1-5.  On March 13, 2012, this Court reversed

the ALJ's decision and remanded the case for further proceedings.  Pl.'s Mot. Att'y Fees App. C.

On May 25, 2012, this Court granted Stevens's application for fees, pursuant to 28 U.S.C. § 2412,

and costs, pursuant to 28 U.S.C. § 1920; he therefore received EAJA fees in the amount of $5,660.02

and expenses in the amount of $18.96.

On May 31, 2013, the Commissioner found, upon remand, that plaintiff was disabled and

entitled to benefits.  Pl.'s Mot. Att'y Fees App. D, at 5-11.  Accordingly, on April 4, 2014, plaintiff

timely moved for fees under 42 U.S.C. § 406(b), in the amount of $17,168.02.  Pl.'s Mot. Att'y Fees

1,10; Pl.'s Mot. Att'y Fees App. B.  On April 7, 2014, Stevens was awarded $6,000 in administrative

fees.  Pl.'s Reply to Mot. Att'y Fees 2.  On April 28, 2014, after receiving leave from the Court,

plaintiff filed an amended 42 U.S.C. § 406(b) motion, seeking $9,355.33.  Stevens arrived at this

sum by taking the "[t]otal amount of retroactive benefits withheld: $21,015.35," less the "EAJA fee

paid: $5,660.02" and the "administrative fee paid: $6,000."  Pl.'s Am. Mot. Att'y Fees 1-2.  That

same day, the Commissioner responded to plaintiff's amended motion, "agree[ing] that the Court

should award attorney fees pursuant to 42 U.S.C. § 406(b), but request[ing] that Plaintiff's motion

be partially denied" because Stevens "is due only $20,499.55 [in past-due benefits], minus the

amounts he has already received."  Def.'s Resp. to Am. Mot. Att'y Fees 1-3.  Plaintiff did not file

a reply to the Commissioner's opposition.

## STANDARD

After entering a judgment in favor of a claimant represented by counsel, the court "may

determine and allow as part of its judgment a reasonable fee for such representation, not in excess

of twenty-five percent of the total of the past-due benefits to which the claimant is entitled by reason

of such judgment." 42 U.S.C. § 406(b)(1)(A).  A fee award under 42 U.S.C. § 406(b) is paid from

the claimant's retroactive benefits and the attorney receiving such an award may not seek any other

compensation from the claimant.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 796-807 (2002).  In other

words, any 42 U.S.C. § 406(b) payment must be reduced by an EAJA or other fee award.

A "twenty-five percent contingent-fee award is not automatic or even presumed; 'the statute

does not create any presumption in favor of the agreed upon amount.'"  *Dunnigan v. Astrue*, 2009

WL 6067058, *7 (D.Or. Dec. 23, 2009), *adopted*, 2010 WL 1029809 (D.Or. Mar. 17, 2010) (quoting

*Gisbrecht*, 535 U.S. at 807 n.17).  Rather, the court must first examine the contingency fee

agreement to confirm that it is within the statutory 25% cap.  *Id.* at 800.  Next, the court "'review[s]

for reasonableness fees yielded by [contingency fee] agreements.'"  *Crawford v. Astrue*, 586 F.3d

1142, 1152 (9th Cir. 2009) (en banc) (quoting *Gisbrecht*, 535 U.S. at 808).  The following factors are determinative of reasonableness: (1) the character of the representation; (2) the results achieved; (3) any delay attributable to the attorney requesting the fee; (4) whether the benefits of the representation were out of proportion with the time spent on the case; and (5) the risk assumed by counsel in accepting the case.  *Id.* at 1151-52 (citation omitted).

## DISCUSSION

The contingent-fee agreement between plaintiff and Stevens satisfies 42 U.S.C. § 406(b), as this agreement limits Stevens's attorney fees to 25% of plaintiff's retroactive benefits.  Pl.'s Mot. Att'y Fees App. A.  Further, the Commissioner does not dispute the reasonableness of the fees requested.  Def.'s Resp. to Mot. Att'y Fees 1-2.  After reviewing the record in this case and plaintiff's 42 U.S.C. § 406(b) motion, including the ALJ's decision awarding benefits, the fee agreement, and Stevens's recitation of hours and services, the Court finds that the fees sought are reasonable.  *See* Pl.'s Mot. Att'y Fees Apps. A-G; *see also* Pl.'s Mot. Att'y Fees 4-9.  There is no indication that Stevens was either ineffective or dilatory, and he achieved a favorable result for plaintiff.  In addition, the amount of fees requested is neither out of proportion to the work performed nor are the benefits so large in comparison to the amount of time Stevens spent that a reduction is warranted.  In sum, after applying *Gisbrecht* and *Crawford*, the Court finds that Stevens demonstrated a 25% fee is reasonable in the case at bar.

Thus, the sole remaining issue is the correct amount of past-due benefits from which to extrapolate Stevens's 25% fee.  *See, e.g.*, Pl.'s Reply to Mot. Att'y Fees 2 (expressing confusion over the amount of retroactive benefits).  Initially, "past-due benefits for the purposes of attorney fees under § 406(b) must be calculated only through April 2013" because the ALJ's fully favorable

Page 4 - OPINION AND ORDER

decision was issued in May 2013.  Def.'s Resp. to Mot. Att'y Fees 3; *see also* Pl.'s Reply to Mot.

Att'y Fees 2; Pl's Mot. Att'y Fees App. D.  Stevens did not include any calculation of past-due

benefits in his amended motion; he concludes only that his 25% fee equals $21,015.25.  Pl.'s Am.

Mot. Att'y Fees 1.  Moreover, the Court notes that, while Stevens reconstructed plaintiff's retroactive

payments in reply to his original motion, that amount diverges from the sum currently sought.

*Compare id.*, *with* Pl.'s Reply to Att'y Fees 2 ("[t]otal back owing = $96,200.60 which 25% is

$24,050.15").[1]

In opposing Stevens's amended motion, the Commissioner furnished an itemized calculation

of plaintiff's retroactive payments.  Def.'s Resp. to Am. Mot. Att'y Fees 3.[2]  The Commissioner's

computations are identical to Stevens's, with the exception being that the Commissioner did not

erroneously include an extra year's worth of past-due benefits.  *Compare id.* (calculating benefits

from February 2006 through April 2013), *with* Pl.'s Reply to Att'y Fees 2 (including benefits from

---

[1] Plaintiff's itemized calculations are as follows: February 2006 through November 2006
= 10 months x $0.00 = $0.00 total; December 2006 through February 2007 = 3 months x $32.00
= $96.00 total; March 2007 through November 2007 = 9 months x $1,031.60 = $9,284.40 total;
December 2007 through November 2008 = 12 months x $1,055.30 = $12,663.60 total; December
2008 through November 2011 = 36 months x $1,116.50 = $40,194.00 total; December 2011
through November 2012 = 12 months x $1,156.60 = $13,879.20 total; December 2012 through
November 2013 = 12 months x $1,176.20 = $14,114.40 total; December 2013 through April
2013 = 5 months x $1,193.80 = $5,969.00 total.  Pl.'s Reply to Mot. Att'y Fees 2.

[2] The Commissioner's specific computations are: February 2006 through November
2006 = 10 months x $0.00 = $0.00 total; December 2006 through February 2007 = 3 months x
$32.00 = $96.00 total; March 2007 through November 2007 = 9 months x $1,031.60 = $9,284.40
total; December 2007 through November 2008 = 12 months x $1,055.30 = $12,663.60 total;
December 2008 through November 2011 = 36 months x $1,116.50 = $40,194.00 total; December
2011 through November 2012 = 12 months x $1,156.60 = $13,879.20 total; December 2012
through April 2013 = 5 months x $1,176.20 = $5,881.00 total.  Def.'s Resp. to Am. Mot. Att'y
Fees 3.  Thus, except for those relating to 2013, the Commissioner's and Stevens's calculations
are identical.

Page 5 - OPINION AND ORDER

"12/2012 - 11/2013," as well as an additional five months of benefits from "12/2013-4/2013"). The Court finds the Commissioner's accounting to be accurate, consistent with the Social Security Administration's cost of living adjustments, and substantively uncontested by Stevens. *See* Pl.'s Mot. Att'y Fees App. B, at 2. Based on the Commissioner's calculations, which have been independently verified by the Court, plaintiff was awarded a total of $81,998.20 in retroactive benefits through April 2013. Def.'s Resp. to Am. Mot. Att'y Fees 3. Stevens's 25% fee therefore equals $20,449.55. *Id.* Reducing that sum by Stevens's EAJA award of $5,660.02 and administrative fee of $6,000 yields a total of $8,839.53.

## CONCLUSION

Plaintiff's motions for 42 U.S.C. § 406(b) fees (dockets # 29, 33) are GRANTED, in part, and DENIED, in part. Accordingly, plaintiff is awarded a total of $8,839.53 in attorney fees.

IT IS SO ORDERED.

Dated this 19th of May, 2014.

/s/ Patricia Sullivan
Patricia Sullivan
United States Magistrate Judge